IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**DEAN JACKSON KINDER,**

 **Plaintiff,**

v.                **Case No. 3:13-cv-31596**

**PRIME CARE MEDICAL INC.;**
**PRIME CARE MEDICAL of WV;**
**WV REGIONAL JAIL AUTHORITY;**
**and WESTERN REGIONAL JAIL;**

 **Defendants.**

## MEMORANDUM OPINION AND ORDER

 Pending before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees and Costs. (ECF No. 1). In keeping with 28 U.S.C. § 1915(e)(2), the undersigned has conducted a preliminary review of Plaintiff's complaint to determine if the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Although *pro se* complaints, such as the one filed in this case, must be liberally construed to allow the development of potentially meritorious claims, the court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). At the same

1

time, to achieve justice, the court may allow a *pro se* plaintiff the opportunity to amend his complaint in order to correct deficiencies in the pleading. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978).

Plaintiff's complaint alleges the following:

1. Prime Care Medical failed to render first aid when Plaintiff had heart attacks on July 23 and August 6, 2013 while incarcerated at the Western Regional Jail;

2. The physicians and nurses employed by Prime Care Medical were negligent in their care and treatment of Plaintiff's heart attacks;

3. The physicians and nurses employed by Prime Care Medical committed medical malpractice in their care of Plaintiff, causing him pain and suffering associated with his heart attacks; and

4. Plaintiff suffered cruel and unusual punishment at the Western Regional Jail on July 23 and August 6, 2013.

Plaintiff seeks the maximum amount of compensatory damages allowed by law; punitive damages in the amount of twenty million dollars per defendant; and review and/or revocation of the licenses held by each nurse on the nursing staff and each physician on call at the time of Plaintiff's heart attacks. (ECF No. 2). Apparently, Plaintiff filed the complaint in both the United States District Court and the Circuit Court of Kanawha County, West Virginia.

> Title 42 U.S.C. § 1983 provides:
>
> Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, Suit in equity, or other proper proceeding for redress, except that in any action brought against a

> judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Congress enacted § 1983 "to enforce provisions of the Fourteenth Amendment against those who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it." *Scheuer v. Rhodes,* 416 U.S. 232, 243 (1974) (quoting *Monroe v. Pape,* 365 U.S. 167, 171–72 (1961)). In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must present facts showing that: (1) a ***person*** (the defendant) deprived him or her of a federally protected civil right, privilege or immunity and (2) that the defendant did so under color of state law. *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50–52 (1999). If either of these elements is missing, the complaint fails to state a claim for relief under 42 U.S.C. § 1983.

The Eighth Amendment to the United States Constitution requires the State to provide its prison inmates with basic medical care. *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A prison official violates this constitutional guarantee when he responds to a prisoner's serious medical need with deliberate indifference. *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Consequently, to state a cognizable Eighth Amendment claim, an inmate must satisfy two elements. First, the inmate must allege the existence of an objectively serious medical condition or need. *Estelle,* 429 U.S. at 105. A medical condition is considered sufficiently serious when it has been diagnosed by a physician as mandating treatment, or is so obvious that even a lay person would understand that medical attention is necessary. *Gaudreault v. Municipality of Salem, Mass.,* 923 F.2d 203, 208 (1st Cir. 1990). Second, the inmate must allege acts or omissions that evidence defendant's

deliberate indifference to the serious medical need. *Wilson v. Seiter,* 501 U.S. 294, 297–99, 111 S.Ct. 2321, 2323–2325, 115 L.Ed.2d 271 (1991). "[D]eliberate indifference entails something more than mere negligence [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer,* 511 U.S. at 835.

In his complaint, Plaintiff claims that he suffered two heart attacks while incarcerated at the Western Regional Jail; one occurred on July 23, 2013, and the other occurred on August 6, 2013. (ECF No. 2 at 5). Clearly, Plaintiff believes he received substandard care from the medical providers at the Jail. However, Plaintiff has not identified any specific **person** who deprived him of a federally protected right, nor has he stated factual allegations to support a cause of action under the Eighth Amendment. Plaintiff's conclusory claims of medical negligence and "cruel and unusual punishment" are simply insufficient to state a claim in federal court. If Plaintiff is asserting a medical malpractice claim rather than a constitutional violation, he should pursue that cause of action in West Virginia state court. On the other hand, if Plaintiff seeks to state a claim under § 1983, he must provide factual information on how the alleged inadequate medical care rises to the level of cruel and unusual punishment.

Therefore, the Court **ORDERS** Plaintiff to amend his complaint within **forty-five (45) days** of the date of this Order. If Plaintiff claims that individuals acting under color of state law deprived him of his constitutional rights under the Eighth Amendment, Plaintiff shall name the individuals as defendants and state a factual basis supporting his claim against each named individual. In the alternative, if Plaintiff claims only that he was the victim of medical negligence while at the Jail, he should seek a

voluntary dismissal of this action so that he can pursue his claims in the West Virginia Circuit Court.

**Plaintiff is hereby given notice that a failure to amend the complaint as instructed will result in a recommendation that the complaint be dismissed for failure to state a claim compensable at law.**

Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1) shall be held in abeyance pending initial review of Plaintiff's amended complaint or pending other further proceedings in this case.

The Clerk is instructed to provide a copy of this order to Plaintiff.

        **ENTERED:** December 18, 2013

_____
Cheryl A. Eifert
United States Magistrate Judge