IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

DEAN JACKSON KINDER,

           Plaintiff,

v.                                                  CIVIL ACTION NO.   3:13-31596

PRIMECARE MEDICAL, INC.;
PRIMECARE MEDICAL OF WV;
WEST VIRGINIA REGIONAL JAIL &
CORRECTIONAL FACILITY AUTHORITY,
an agency of the State of West Virginia;
WESTERN REGIONAL JAIL;
DOMINIQUE WONG;
HEAD NURSE DOES 1 and 2;
And UNNAMED CORRECTIONAL OFFICERS AT THE
WESTERN REGIONAL JAIL,
           Defendants.

**MEMORANDUM OPINION AND ORDER**

      This action brought pursuant to 42 U.S.C. § 1983 was referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).   The Magistrate Judge has submitted findings of fact and recommended that the Court grant Defendants West Virginia Regional Jail and Correctional Facility Authority and Western Regional Jail's Motion to Dismiss (ECF No. 29); grant Defendants PrimeCare Medical, Inc., PrimeCare Medical of WV, Dominique Wong, and Head Nurse Does 1 and 2's Motion to Dismiss (ECF No. 33); grant Defendants PrimeCare Medical, Inc., PrimeCare Medical of WV, Dominique Wong, and Head Nurse Does 1 and 2's Supplemental Motion to Dismiss or in the Alternative Motion for Summary Judgment (ECF No. 52); deny Plaintiff's Motion to Amend the Amended Complaint (ECF No.

39); dismiss Plaintiff's Amended Complaint (ECF No. 9) with prejudice and remove this action from the docket of the Court. Plaintiff, acting *pro se*, objects to some of these findings and recommendations. Upon *de novo* review of the findings and recommendations, the Court **DENIES** Plaintiff's objections (ECF No. 62) and **ADOPTS** and **INCORPORATES** the Proposed Findings and Recommendations of the Magistrate Judge (ECF No. 59).

Plaintiff raises several objections. First, Plaintiff objects to the denial of his motion for appointment of counsel. ECF No. 62. The Magistrate Judge denied Plaintiff's motion on the grounds that Plaintiff does not have a colorable claim against the defendants. ECF No. 58. Moreover, the Magistrate Judge denied Plaintiff's motion in a separate order, not as part of the proposed findings and recommendations. ECF No. 58. Accordingly, this is not a proper objection to the proposed findings and recommendations and the objection is **DENIED**.

Next, Plaintiff states: "The claim that medical treatment was adequate for the ongoing problem is and would be very ludicrous." ECF No. 62. Presumably, Plaintiff objects to the Magistrate Judge's finding that Plaintiff has failed to state a claim against the PrimeCare employees for deliberate indifference to a serious medical need under 42 U.S.C. § 1983. As thoroughly explained in the proposed findings and recommendations, a plaintiff bears a heavy burden in alleging sufficient facts to set out a plausible claim for deliberate indifference. ECF No. 59. Here, Plaintiff has not met this burden. His factual allegations do not demonstrate that his medical needs were ignored. ECF No. 9. Rather, Plaintiff disagrees with the chosen course of medical treatment. ECF No. 9; ECF No. 54. This is not sufficient to state a claim for deliberate indifference. *See Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) ("Disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged."). Moreover, Plaintiff does not dispute the PrimeCare

employees' statement of facts, which indicates that the defendants took reasonable steps to ensure that Plaintiff received adequate medical care. *See Brown v. Harris*, 240 F.3d 383, 389 (4th Cir. 2001) (holding that a defendant may not be found liable for deliberate indifference if he responds reasonably to a risk to inmate health or safety). Therefore, this objection is **DENIED**.

Plaintiff also objects to logistical and institutional problems in the government, the prison system, and hospitals, which he states have prevented him from properly stating a claim and which demonstrate "intentional indifference to inmates [sic] welfare." ECF No. 62. He also states that these problems have caused him damage, pain, and suffering. ECF No. 62. This objection challenges actions taken by the defendants and other institutions rather than the findings and recommendations of the Magistrate Judge. The Court thus finds this objection to be without merit and it is **DENIED**.

Furthermore, Plaintiff objects to the Magistrate Judge's finding that this Court lacks subject matter jurisdiction over the West Virginia Regional Jail and Correctional Facility Authority ("WVRJCFA") and Western Regional Jail (which is not a separate entity from the WVRJCFA). ECF No. 62. Plaintiff contends that the Court has jurisdiction where there is a clear violation of his Eighth Amendment rights. ECF No. 62. As the Magistrate Judge correctly concluded, the Eleventh Amendment protects state agencies from suit under 42 U.S.C. § 1983, including suits that allege violations of the Eighth Amendment. S*ee Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). The WVRJCFA is a state agency shielded by this immunity. *See Cantley v. W.V. Reg'l Jail & Corr. Facility Auth.*, 728 F. Supp. 2d. 803, 818 (S.D. W. Va. 2010) ("It is well established that the WVRJA is an agency of the State of West Virginia and is not a 'person' within the meaning of § 1983."). Accordingly, this Court lacks jurisdiction over any

claims by the plaintiff against the WVRJCFA and Western Regional Jail. The objection is thus **DENIED**.

Plaintiff's next objection states that "it appears because he is not a learned counsel . . . he is not entitled to anything." ECF No. 62. The Magistrate Judge's findings and recommendations are based on the pleadings, motions, and applicable law, not on Plaintiff's status or lack of counsel. Plaintiff's objection is without merit and is **DENIED**.

Plaintiff's final objection accuses PrimeCare and other medical providers in the West Virginia prison system of inadequate treatment and improper motives. ECF No. 62. This objection challenges the defendants' actions rather than the findings and recommendations of the Magistrate Judge. Accordingly, the Court finds this objection to be without merit and it is **DENIED**.

For the foregoing reasons, the Court **ADOPTS** and **INCORPORATES** herein the Findings and Recommendations of the Magistrate Judge (ECF No. 59); **DENIES** Plaintiff's objections (ECF No. 62); **GRANTS** Defendants West Virginia Regional Jail and Correctional Facility Authority and Western Regional Jail's Motion to Dismiss (ECF No. 29); **GRANTS** Defendants PrimeCare Medical, Inc., PrimeCare Medical of WV, Dominique Wong, and Head Nurse Does 1 and 2's Motion to Dismiss (ECF No. 33); **GRANTS** Defendants PrimeCare Medical, Inc., PrimeCare Medical of WV, Dominique Wong, and Head Nurse Does 1 and 2's Supplemental Motion to Dismiss or in the Alternative Motion for Summary Judgment (ECF No. 52); **DENIES** Plaintiff's Motion to Amend the Amended Complaint (ECF No. 39) and **DISMISSES** this action **WITH PREJUDICE**. The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:       March 19, 2015

_____
ROBERT C. CHAMBERS, CHIEF JUDGE

-5-